The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
You have presented the following questions for my opinion:
 (1) If a police officer leaves employment after completing 20 years or more of service, is he eligible to be paid his unused accrued sick leave up to sixty days even if he has not yet reached the age where he is eligible to start drawing his retirement pay?
 (2) Does the term "retirement" in A.C.A. § 14-52-107(c) relate directly to the ability to immediately start drawing an annuity or does it mean leaving employment with sufficient service time to qualify for an annuity at a later time?
RESPONSE
Question 1 — If a police officer leaves employment after completing 20years or more of service, is he eligible to be paid his unused accruedsick leave up to sixty days even if he has not yet reached the age wherehe is eligible to start drawing his retirement pay?
It is my opinion, as explained more fully below, that a police officer who leaves employment after completing 20 years or more of service but who is not yet eligible to receive retirement benefits is not eligible to be paid his unused accrued sick leave pursuant to A.C.A. § 14-52-107(c).
A.C.A. § 14-52-107(c) states:
 (c) If, at the end of his term of service, upon retirement or death whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death. Payment for unused sick leave in the case of a police officer, upon retirement or death, shall not exceed sixty (60) days salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety (90) days salary.
A.C.A. § 14-52-107(c).
The plain language of the above-quoted statute requires "retirement" or "death" as a condition to receiving accrued sick leave. The question thus is whether a police officer who leaves employment after completing 20 years or more of service but who is not yet eligible to receive retirement benefits should be deemed "retired" for purposes of A.C.A. §14-52-107. Because you have specifically noted that your question refers to the City of Conway, whose police officers participate in the Local Police and Fire Retirement System (LOPFI), it will be necessary to consult the statutes governing that system (A.C.A. § 24-10-101 et seq.) to determine what constitutes "retirement" for these officers. The statutes that govern LOPFI do not define the term "retirement." However, these statutes do make clear by other means that they contemplate "retirement" to include both separation from employment and eligibility to receive retirement benefits. First, these statutes define the term "retirant" as follows: "`Retirant' means a former member receiving a plan annuity by reason of having been a member[.]" Second, a former member is not eligible to receive retirement benefits unless he has reached "normal retirement age." "Normal retirement age" entails not only attaining a particular age, but also accruing a certain number of years of credited service. The definition of "normal retirement age" states:
(17) "Normal retirement age" means the younger of the following ages:
 (A) Age fifty-five (55) years if the member has at least twenty (20) years of credited service;
 (B) Age sixty (60) years if the member has fewer than twenty (20) years of credited service; or
 (C) Any age if the member has twenty-eight (28) or more years of credited service[.]
A.C.A. § 24-10-102(17).
When the definition of "retirant" is read in conjunction with the definition of "normal retirement age," it becomes clear that a former member cannot be deemed "retired" unless and until he both reaches "normal retirement age" and accrues the required number of years of credited service. Accordingly, I must conclude that a police officer who has accrued 20 or more years of credited service, but who has not yet attained the age of eligibility to receive retirement benefits cannot be deemed "retired." For this reason, this officer is not eligible to receive payment for his accrued sick leave under the provisions of A.C.A. § 14-52-107(c), which require "retirement" or "death" as a condition for receiving such payment. Accord, Op. Att'y Gen. No. 94-354; 92-343.
I note that you mention in your correspondence the fact that officers who were hired prior to the creation of LOPFI in 1983 are governed by different rules of eligibility than those hired after that date. (For a discussion of this issue, see Op. Att'y Gen. No. 2001-155.) The question of whether those officers are entitled to receive payment for accrued sick leave under A.C.A. § 14-52-107(c) will depend upon whether they would be deemed "retired" under the terms of the retirement plan by which they are covered.
Question 2 — Does the term "retirement" in A.C.A. § 14-52-107(c) relatedirectly to the ability to immediately start drawing an annuity or doesit mean leaving employment with sufficient service time to qualify for anannuity at a later time?
As explained more fully in response to Question 1, I interpret the term "retirement," as used in A.C.A. § 14-52-107(c), to entail both the accrual of the required number of years of credited service under the statutes that govern LOPFI, and the attainment of the required age for eligibility to receive benefits.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General